2000 OK 60

**HOUSING AUTHORITY OF the KIOWA TRIBE OF OKLAHOMA, an agency of the State of Oklahoma; Art Unap, Jr., Chairman, Dorothy Palmer, Vice–Chairman, Sandra Quoetone, Secretary–Treasurer, as Officers of the Board of Commissioners of the Housing Authority of the Kiowa Tribe of Oklahoma, Plaintiffs/Appellees,**

v.

**Randall WARE, Richard Kauahquo, Carol Frame, William Tartsah, and Wendell Autaubo, Defendants/Appellants.**

No. 93,295.

Supreme Court of Oklahoma.

July 18, 2000.

Nathan H. Young, III, Tahlequah, Oklahoma, for Appellees.

L. Elizabeth Brown, R. Brown Wallace, Andrews Davis Legg Bixler Milsten & Price, Oklahoma City, Oklahoma, for Appellants.

HARGRAVE, Vice Chief Justice:

¶1 This case involves a dispute between two groups of individuals in the Kiowa Tribe, each claiming to be the rightful commissioners to the Kiowa Housing Authority. The plaintiffs were elected by a vote of the tribe, as has been the procedure since adoption of the Kiowa Constitution, and have refused to vacate their offices until new commissioners are properly elected. The defendants were appointed by the chairman of the Kiowa Business Committee.

¶2 The plaintiffs/appellees sought declaratory relief in district court, asking for a determination that they are the lawful commissioners of the Kiowa Housing Authority and that only the Kiowa Indian Council can appoint commissioners to the Kiowa Housing Authority, by holding an election. The defendants counterclaimed, asking for a determination by the court that the chairman of the Kiowa Business Committee is the proper appointing authority. In the alternative, appellants argue that state courts lack jurisdiction because of tribal sovereign immunity.

¶3 The trial judge ruled in favor of the plaintiffs, finding that jurisdiction existed by reason of *Housing Authority of the Choctaw Nation v. Craytor, 1979 OK 100, 600 P.2d 314,* and holding 1) that the governing body of the Kiowa Tribe is the Kiowa Indian Council, and 2) that commissioners to the Kiowa Housing Authority should be elected. The defendants/appellants appealed and filed a motion to retain the appeal in this Court. The motion to retain was granted. We find that the trial court correctly determined that it had jurisdiction and correctly ruled that the Kiowa Indian Council is the governing body of the Kiowa tribe and that election is the proper procedure.

¶4 The appellant has briefed two issues on appeal: whether the chairman of the Kiowa Business Committee is the proper appointing authority, and whether the district court has jurisdiction. The appellees have not filed a brief on appeal, but ask us to determine the case based on the trial court's findings of fact and conclusions of law.[1] Appellants argue,

---

1. The appellants have filed a motion for this      Court to search the record and decide the case

and appellees agree, that this case is of a public nature, so that the Court should search the record and decide the case as it sees fit based upon the law and the facts.

## I. JURISDICTION

■ ¶ 5 Although the defendants/appellants argue that sovereign immunity bars the action because Oklahoma courts have no jurisdiction over a dispute involving the internal political affairs of a tribal housing authority and its related federally recognized Indian Tribe, citing *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998), the appellants do not object to this Court's deciding the state law question, and in fact ask us to do so. In the introduction to their brief on appeal, the appellants recognize that the question to be answered involves interpretation of state law, but they object to the trial court's apparently *ordering* the Kiowa Tribe to hold an election. Appellants urge this court to stay within the bounds of analyzing tribal political structure solely as a tool for interpreting an Oklahoma statute. Because we find that the trial judge did not order the Kiowa Tribe to conduct an election, but merely determined that an election was the proper procedure to be followed, we find that the trial court did not exceed its jurisdiction.

¶ 6 The question of state court jurisdiction to interpret the Indian Housing Authority statute has previously been decided by this Court. In *Housing Authority of the Choctaw Nation v. Craytor*, 1979 OK 100, 600 P.2d 314, the threshold question was whether the court had jurisdiction over the matter as a question of state law rather than an intratribal matter. We held that state courts have jurisdiction under 63 O.S. 1057 to determine who is authorized to appoint Commissioners to Indian housing authorities. *Craytor* was a dispute between two groups of individual tribal members, each of whom claimed to be the lawfully-appointed commissioners of the Choctaw Nation Housing Authority. We held that it was not an intratribal matter, but rather was a question of interpretation of the statute to determine whether the executive director of the Choctaw Nation was empowered to appoint commissioners. The appellants recognize that section 1057 makes the Indian housing authority an agency of the State of Oklahoma. In *Craytor*, we held that because the Indian Housing Authority was an agency of the State of Oklahoma, and because the power to appoint commissioners to the housing authority was derived from the statute, rather than from the Choctaw Nation, it was a matter for the district court.

■ ¶ 7 Lastly, in the case at bar the tribe has not been sued; the defendants are individual members of the tribe who claim to have been properly appointed by the chairman of the Kiowa Business Committee. Sovereign immunity does not extend to individual members of the tribe. *United States v. James*, 980 F.2d 1314, 1319 (9th Cir.1992), *cert. den. James v. U.S.*, 510 U.S. 838, 114 S.Ct. 119, 126 L.Ed.2d 84 (1993), *citing Puyallup Tribe, Inc. v. Washington Game Dep't*, 433 U.S. 165, 173, 97 S.Ct. 2616, 2621, 53 L.Ed.2d 667 (1977).

## II. THE KIOWA CONSTITUTION DEFINES THE KIOWA INDIAN COUNCIL AS THE TRIBE'S GOVERNING BODY

■ ¶ 8 The Oklahoma Housing Authority Act, 63 O.S.1991 1051, et. seq., creates a housing authority in every city in the state. No business may be transacted until the governing body of each city has passed a resolution declaring the need for a housing authority. Section 1057 of the Oklahoma Housing Authority Act creates the Indian Housing Authority, which likewise cannot transact any business until the governing council of the tribe, band or nation has passed a resolution declaring the need for a housing authority. Section 1057 provides that the housing authority of an Indian tribe, band or nation shall be an agency of the

without a brief from the appellees because the question is of a public nature, citing *Application of Goodwin*, 597 P.2d 762 (Okla.1979). The appellees filed a response concurring in the motion, stating that all of the law and facts cited in the district court's findings of fact and conclusions of law are sufficient for the Court to rely on.

State of Oklahoma, possessing all powers, rights and functions specified in the Act for city and county authorities.

¶ 9 Title 63 O.S.1991 1057 provides that the chief or other governing head of an Indian tribe, band or nation is authorized to exercise the same appointing powers with respect to an Indian housing authority that are vested in the mayor of a city for appointments to a city housing authority. The mayor of a city may appoint commissioners to the housing authority, with the advice and consent of the city's governing body. 63 O.S. 1058. The parties agree that the Kiowa Tribe does not have a chief, nor an individual specifically designated as the governing head of the tribe. The Kiowa Constitution defines the Kiowa Indian Council, which consists of all adults over eighteen (18) years of age, as the governing body of the tribe.

¶ 10 The record reflects that after adoption of the Kiowa Constitution, commissioners to the Kiowa Housing Authority have been chosen by election. The plaintiffs/appellees are commissioners of the Kiowa Housing Authority who were elected by vote of the Kiowa Indian Council, and whose terms have expired by passage of time. The defendants/appellants are commissioners of the Kiowa Housing Authority appointed by the chairman of the Kiowa Business Committee. The plaintiffs/appellees refuse to vacate their positions until they have been replaced by duly elected commissioners, relying on 63 O.S. 1058, which provides that each commissioner shall hold office until his or her successor has been appointed and qualified.

¶ 11 Appellants argue that the statutory phrase "chief or other governing head" is ambiguous when applied to Kiowa Tribe, and that the intent of the legislature was for an *individual* to appoint commissioners. As to the Kiowa Tribe, they argue that the language must mean a tribal official holding an office comparable to that of mayor, and that the chairman of the Kiowa Business Committee is the person in the tribe most closely akin to the mayor of a city. This argument without merit. The statute does not *require* that an appointment be made by an individual; the statute gives authority to appoint to the chief or other governing head. If there

is no chief or other governing head designated by the Tribe, then commissioners to their housing authority must be appointed by their designated governing body.

¶ 12 The constitution of the Kiowa Indian Tribe of Oklahoma defines the Kiowa Indian Council as the governing body of the tribe. The Kiowa Indian Council is composed of all members of the tribe at least 18 years of age or over. Matters outlined in article V, section 1 of the Kiowa Constitution are to be presented and discussed at meetings of the Kiowa Indian Council, pursuant to article XVI of the Kiowa Constitution. Decisions on the issues discussed, however, shall be made only by a subsequent election which shall be open to all qualified voters of the tribe, as provided in article XVII of the Kiowa Constitution.

¶ 13 Section 1 of article V vests the Kiowa Indian Council with authority to act on matters such as approval of an annual budget, claims, sale of tribal land, long term industrial, commercial or development leases, contracts with federal, state or local governments or private firms, legal counsel contracts, selection of tribal employees. *All other powers not vested in the business committee by section 2 are retained by the Kiowa Indian Council.* The section provides that any of powers of the Kiowa Indian Council may be delegated to the business committee. There is no delegation with respect to the Kiowa Housing Authority.

¶ 14 The Kiowa Business Committee is an eight (8) member representative body empowered to act only on those matters outlined in article V, section 2 of the Kiowa Constitution. The Kiowa Business Committee is empowered by article V, section 2 of the Kiowa Constitution to take necessary action on the following: a) revocable permits, farm and grazing leases; oil, gas and mineral leases; easements and rights-of-way; b) appoint subordinate committees; c) promote arts and crafts and Kiowa Indian Culture; d) prepare annual budgets for submission to and approval of the Kiowa Indian Council; e) Accept applications for tribal employment and submission to the Kiowa Indian Council for selection; f) determine term of employment and salary of tribal employees; g) pro-

mulgate and enforce ordinances and codes governing law and order to protect the peace, health, safety and general welfare, on land determined to be within tribal jurisdiction subject to the approval of the Assistant Secretary for Indian Affairs or his authorized representative; h) develop, negotiate and approve economic, industrial and commercial enterprises and leases on land owned solely by the Kiowa Tribe as long as the lease term does not exceed 50 years; i) the Kiowa Business Committee shall be authorized to promulgate and enforce codes and ordinances to levy and collect taxes within the area of the tribe's jurisdiction, ... etc.

¶ 15 Section 5 of the Kiowa Constitution also contains a Reserve Power Clause, which provides that any right and power vested in the Kiowa Indian Tribe not expressly referred to in the constitution may be exercised by the members of the Kiowa Indian Council through the adoption of appropriate amendments to the constitution and bylaws. Further, all powers not *expressly vested* in the Kiowa Business Committee are reserved to the Kiowa Indian Council.

¶ 16 The above-quoted portions of the Kiowa Constitution reflect that the Kiowa Business Committee, and its Chairman, have limited authority to Act. No mention is made in the Kiowa Constitution of the Kiowa Housing Authority. The Kiowa Constitution contains no provision delegating authority to the Kiowa Business Committee, or to its chairman, to appoint commissioners to the Kiowa Housing Authority.

¶ 17 All powers not given specifically to the Kiowa Business Committee or its Chairman are reserved to the Kiowa Indian Council. The Kiowa Tribe has designated its governing body in its Constitution and has provided for elections to determine important, nondelegated matters. The statute is not offended if the appointing authority is not an individual.

¶ 18 The trial court correctly ruled that under the provisions of pertinent state law, the Kiowa Indian Council was the governing body with power to appoint commissioners to the Kiowa Housing Authority and ruled that an election is the proper procedure for selecting those commissioners. The trial judge did not *order* the Kiowa Tribe to conduct an election, nor could he have done so. It is, in effect, of no concern to the state courts whether an election is in fact held. The trial court merely interpreted a state statute to mean that the Kiowa Indian Council is the governing body of the tribe and declared that the proper procedure for choosing commissioners to the Kiowa Housing Authority is by election.

### AFFIRMED.

¶ 19 All Justices concur.